In the Matter of Abraham H. Kaffenburgh.— Ordered, that respondent file answer in twenty days.

William F. Zeller v. Joseph Leiter. — Motion denied.    Order filed.

In the Matter of Robert D. Donohue. — Application denied.

In the Matter of Henry W. Leonard.— Present order.

. In the Matter of Charles Cohn.— Reference ordered.    Settle order on notice.

In the Matter of Dethlef C. Hansen.— Reference ordered.    Settle order on notice.

In the Matter of Elias B. Goodman.— Reference ordered.    Settle order on notice.

In the Matter of Bernard Chambers.— Reference ordered.    Settle order on notice.

Caroline G. Redington v. Frazier Gilman and Others.— Motion denied, with ten dollars costs.    Order filed.

---

## Fourth Department, July, 1906.

Herbert Ryckman, an Infant, by Isaac A. Ryckman, His Guardian ad Litem, Respondent, v. International Railway Company, Appellant.

*Negligence — sufficiency of damages — discretion of the trial court in setting aside verdict because of insufficient damage.*

Order reversed and motion for new trial on the minutes denied, with costs to the appellant. All concurred, except McLennan, P. J., and Kruse, J., who dissented in an opinion by McLennan, P. J.

McLennan, P. J. (dissenting): Concededly the evidence was conflicting as to the severity, extent and permanence of plaintiff's injury. An examination of the evidence upon that issue, the only one involved upon this appeal, leads me to conclude that it is not within the province of this court to say that the sum represented by the verdict of the jury was not insufficient to reasonably compensate the plaintiff for the injuries which he sustained. The evidence offered by the plaintiff indicates that as a result of the accident he was very seriously injured; that he suffered great pain and is permanently disabled from doing the work which he had previously performed, and in the opinion of the experts called by him, he was practically made an invalid, and would continue so to be. The evidence on the part of the defendant was quite to the contrary, and if it is to be given full credence the injuries sustained by the plaintiff resulting from the accident were comparatively trivial and were fully compensated for by the amount of the verdict rendered. Such being the condition of the evidence, we do not deem it within the province of this court to say that the trial court did not correctly determine that the jury had misinterpreted its true meaning. The sole question before us is, did the trial court in granting the order appealed from abuse the discretion with which it is invested by section 999 of the Code of Civil Procedure? This court is not concerned with the proposition that we or any one of us might have decided the motion differently had it been presented to us as an original proposition. The question is, can we say that the trial justice, who had heard and seen the witnesses, abused his discretion in the premises? This court by a long line of decisions has held that it will not interfere with the discretion of the trial court thus exercised unless it appears that by affirmance of the order palpable injustice will result. Such rule of non-interference with the discretion exercised by the trial court has been adopted upon the theory that such trial court, who has had an opportunity to see and to hear the witnesses, is better able to judge of the justice and reasonableness of a verdict where only a question of fact is involved than any appellate tribunal. The doctrine which has controlled this court was enunciated by Mr. Justice Adams in *Lund* v. *Spencer* (42 App. Div. 544), in which he said, in discussing a question of this kind: " As preliminary thereto, it may be well to suggest that the granting or refusing of a new trial upon the minutes of the court is a matter which rests almost entirely in the discretion of the trial justice.  *  *  *   When in the exercise of its discretionary power an order has been made by the trial court setting aside a verdict as against the weight of evidence, its determination ought not to be reversed by an appellate tribunal unless it is made to appear beyond all cavil that great injustice has been done to the defeated party." And